## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

STAN LABER,

        *Plaintiff,*

  vs.                                 Case No. 23-CV-1025-EFM

LLOYD J. AUSTIN, III,
Secretary, United States Department of
Defense,

        *Defendant.*

### MEMORANDUM AND ORDER

       Before the Court is Defendant Lloyd Austin, III's Motion to Dismiss, or in the Alternative, to Transfer Case to a More Convenient Forum (Doc. 8).  In his Motion, Defendant seeks to dismiss 11 out of 12 claims listed in Plaintiff Stan Laber's Complaint for improper venue under Fed. R. Civ. P. Rule 12(b)(3), or in the alternative, to transfer the entire case to the Eastern District of Virginia under 28 U.S.C. §§ 1404(a) and 1406(a).  Further, Defendant seeks to dismiss any claim in Plaintiff's Complaint for failure to state a claim under Rule 12(b)(6) that the Court may decline to transfer.  Plaintiff, proceeding pro se, agrees that transfer of venue is appropriate, but to the Northern District of New York.  Because transfer of this case is appropriate to the Eastern District of Virginia, the Court grants Defendant's Motion for transfer.

# I.    Factual and Procedural Background[1]

Plaintiff is a Jewish male and retiree of the Department of Defense ("DOD").  He currently resides in New York.  Plaintiff brings this employment discrimination case against Defendant in his official capacity as DOD Secretary.  This case arises out of Plaintiff's unsuccessful applications to 12 identified employment vacancies with the Defense Contract Management Agency ("DCMA"), an agency within the DOD.

Plaintiff applied to the 12 identified vacancies between 2018 and 2019.  These vacancies spanned across several states—five in New York, four in Massachusetts, two in Wisconsin, and one vacancy's location was negotiable after selection.  None of the employment records associated with these vacancies are administered and maintained in Kansas.  Although Plaintiff alleges that he was equally, if not more, qualified than every other candidate and met all the requirements, Plaintiff was not selected for the position regarding nine vacancies and was not referred for the position or an interview regarding three vacancies.  Only one employee involved in rejecting Plaintiff's applications, specifically for the vacancy with the negotiable location, is located in Kansas.  Plaintiff contends that in each rejection, he was discriminated against because of his sex, religion, and prior protected activity[2] in violation of Title VII of the Civil Rights Act of 1964. After receiving a right to sue letter from the EEOC, Plaintiff timely filed this suit.  Each failure to hire is its own separate cause of action.[3]

---

[1] The facts are taken from Plaintiff's Complaint and Defendant's declarations—to the extent those declarations have not been properly contradicted by the Plaintiff—and are considered true for the purposes of this Order.

[2] Plaintiff has filed several actions with the EEOC for various alleged employment actions taken against him by DCMA employees in the past, reaching back to 1998.

[3] The 12 causes of action are listed individually in ¶¶ 96–107 of the Complaint.

This is not Plaintiff's first time in the District of Kansas suing Defendant for employment discrimination; he has previously filed cases here in both 2018 and 2020.[4]  Evidently, since 2014, Plaintiff has applied to multiple vacancies with the DCMA with no success.[5]  Notably, Plaintiff's 2020 case was transferred to the Eastern District of Virginia upon motion to dismiss for improper venue or, in the alternative, transfer.[6]  Now, Defendant moves this Court to do the same.

## II.     Legal Standards

### A.     Motion to Dismiss for Improper Venue

Under Rule 12(b)(3), a defendant may move to dismiss for improper venue.[7]  On such motion, the plaintiff bears the burden of showing that venue is proper.[8]  The general rule is that if multiple claims are pleaded in one action, "venue must be proper for each claim."[9]  The plaintiff is only required to make a prima facie case showing that venue is proper to avoid dismissal.[10]

Allegations in the complaint "must be taken as true to the extent that they are uncontroverted."[11]  Any factual dispute must be resolved must be resolved in the plaintiff's favor.[12]

---

[4] *See Laber v. Austin*, No. 18-1351-JWB, 2023 WL 3119461, at *1 (D. Kan. 2023), (*Laber I*), *Laber v. Austin*, No. 20-2656-JWB, 2021 WL 3363086, at *1 (D. Kan. 2021) (*Laber II*).

[5] *See Laber I*, 2023 WL 3119461, at *1.

[6] *See Laber II*, 2021 WL 3363086, at *6.

[7] Fed. R. Civ. P. 12(b)(3).

[8] *Mohr v. Margolis, Ainsworth, & Kinlaw Consulting, Inc.*, 434 F. Supp. 2d 1051, 1058 (D. Kan. 2006) (citing *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984).

[9] *Brown v. Weston Transp.*, 2015 WL 363963, at *1 (D. Kan. 2015) (quoting *Gen. Bedding Corp. v. Echevarria*, 714 F. Supp. 1142, 1144 (D. Kan. 1989).

[10] *Mohr*, 434 F. Supp. 2d at 1058.

[11] *Id.*

[12] *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

-3-

But "only the well pled facts of the plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true."[13]

**B.      Alternative Motion to Transfer Venue**

Transfer of venue is governed by 28 U.S.C. § 1404 or § 1406, depending on whether the plaintiff's choice of venue is proper.[14]  If venue is proper, § 1404 governs.[15]  If venue is improper, § 1406 governs.[16]

The relevant portion of § 1404 states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."[17]  Unless the balance of interests "is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed."[18]

The relevant portion of § 1406 states: "The district court of a district in which is filed a case laying venue in the wrong division or district, shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[19]  The phrase "if it is in the interest of justice" grants the Court discretion in deciding to dismiss or transfer an action.[20]

---

[13] *Id.*

[14] *Kesters Merch. Display Int'l, Inc. v. Surfacequest, Inc.*, 2022 WL 1489658, at *3 (D. Kan. 2022).

[15] *Id.*

[16] *Id.*

[17] 28 U.S.C. § 1404(a).

[18] *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972).

[19] 28 U.S.C. § 1406(a).

[20] *See Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006).

## C.      Pro se Plaintiffs

Pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers."[21]  A pro se litigant is entitled to a liberal construction of his pleadings.[22]  However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[23]  Further, a pro se litigant must "follow the same rules of procedure that govern other litigants."[24]

## III.      Analysis

Defendant moves to dismiss 11 out of 12 claims for improper venue.  The 11 claims include those identified in ¶¶ 96–102, 104–107 of the Complaint (Doc. 1).  Defendant does not dispute that the claim identified in ¶ 103, the vacancy with a negotiable location, is in this Court on proper venue.  In the alternative, Defendant moves to transfer all 12 claims in this case to a different forum.  Defendant also moves to dismiss the case for failure to state a claim but, for reasons explained below, the Court does not consider that Motion at this time.  The Court first addresses whether the District of Kansas is the proper venue for the 11 claims.

## A.      Venue is improper in this Court as to 11 of Plaintiff's 12 claims.

Plaintiff alleges that Defendant failed to hire him due to his sex, religion, and prior protected activities in violation of Title VII of the Civil Rights Act of 1964.  Title VII contains a

---

[21] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[22] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[23] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[24] *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

venue provision, 42 U.S.C. § 2000e–5(f)(3), which has long been held to govern Title VII actions.[25]  Section 2000e–5(f)(3) provides four different avenues for proper venue:

> Such an action may be brought [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but [4] if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

Defendant does not dispute venue for the claim regarding the vacancy with a negotiable location. The employee who did not refer Plaintiff for that position was in Kansas at the time, making that claim's venue in this Court proper under avenue (1).  Defendant does contend that no avenue provides proper venue in the District of Kansas as to the remaining 11 claims.  Plaintiff, for his part, makes no attempt to establish that venue is proper in this Court as to these claims through any avenue.  For these 11 claims, the Court analyzes each avenue in turn.

First, venue is not proper in this Court under avenue (1).  Plaintiff's Complaint does not specify the individual employees responsible for his rejection or nonreferral regarding each claim. Instead, Defendant identifies the employees involved in each vacancy.  According to the declarations submitted by Defendant, none of the employees involved in the 11 vacancies Defendant moves to dismiss for improper venue were in Kansas when rejecting, nonreferring, or otherwise making decisions that affected the employment of Plaintiff.  Plaintiff does not dispute these declarations.  Therefore, venue as to 11 of Plaintiff's claims is improper in this Court under avenue (1).

---

[25] *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998) (citing *Ford v. Valmac Indus., Inc.*, 494 F.2d 330, 332 (10th Cir. 1974).

Similarly, venue is not proper in this Court under avenue (2).  According to the declarations submitted by Defendant, none of the relevant employment records to Plaintiff's claims are maintained and administered in Kansas.  Plaintiff does not dispute this in his Response.  Therefore, venue for Plaintiff's claims is improper in this Court under avenue (2).

Venue is not proper in this Court under avenue (3) either.  Of the 11 vacancies that Defendant moves to dismiss for improper venue, none are located Kansas.  Even if hired to these positions, Plaintiff would not have worked in Kansas.  Therefore, venue for Plaintiff's claims is improper in this Court under avenue (3).

Finally, venue is not proper in this Court under avenue (4).  Defendant's principal office is located within the jurisdiction of Eastern District of Virginia.  Plaintiff makes no argument that Defendant's principal office is in Kansas.  Therefore, venue for Plaintiff's claims is improper in this Court under avenue (4).

Providing no argument, Plaintiff has failed to meet his burden to establish that venue is proper in this Court for 11 of his claims.  Further, pendent venue over these claims is inapplicable.[26]  Therefore, venue in this Court is improper for these 11 claims.  Accordingly, these claims must either be dismissed or transferred to the appropriate court.

**B.    Transfer of this case is appropriate to the Eastern District of Virginia.**

When venue is improper, the "decision of whether to dismiss or transfer lies within the sound discretion of the district court."[27]  Courts generally prefer to "transfer an action, rather than

---

[26] A court may exercise pendent venue over claims otherwise in the improper venue when such claims arise from the "same set of operative facts" as the principal claim as to which venue is proper.  *See Laber II*, 2021 WL 3363086, at *4 (citing *Wichita Fed. Sav. & Loan Ass'n v. Landmark Grp., Inc.*, 674 F. Supp. 321, 330 (D. Kan. 1987)).  But, like Plaintiff's 2020 case, Plaintiff does not identify a principal claim and each of his claims require different witnesses and evidence to prove; his claims do not share a same set of operative facts.  *See id.* at *4–5.

[27] *Pierce*, 137 F.3d at 1191.

dismiss it for improper venue."[28]   Transfer is especially compelling when the relevant time limitation would bar refiling in the proper venue.[29]

Here, the Complaint states that Plaintiff brought his case "within 90 days of the date the EEOC issued its final decision."[30]  Plaintiff filed his Complaint February 17, 2023.  Even assuming Plaintiff brought his suit immediately after the final EEOC decision and thus had 90 days to bring suit on February 17, his claims would now be time-barred if refiled in the proper venue.[31]  Therefore, transfer of 11 of Plaintiff's claims under § 1406(a) is appropriate.

Because transfer is appropriate as to 11 of Plaintiff's claims, only the claim regarding the negotiable location vacancy from Plaintiff's case remains in this Court.  But even claims in the proper venue may be transferred "in the interest of justice" under § 1404(a) "to any other district or division where it might have been brought."[32]  Courts consider various factors when deciding whether to transfer an action including: "Plaintiff's forum choice; the accessibility of witnesses; cost of making the necessary proof; advantages and obstacles to a fair trial; difficulties from congested dockets; potential conflict of laws; having a local court determine questions of local law; and all other considerations of a practical nature."[33]

Both parties are amenable to transferring all 12 of Plaintiff's claims to a different venue but pose different locations.  Defendant, in the alternative to dismissal, moves to transfer this case

---

[28] *See, e.g., Weber v. Ideker, Inc.*, 978 F. Supp. 1419, 1420 (D. Kan. 1997).

[29] *See, e.g., id.* ("Transferring an action serves the interest of justice if upon refiling the action in the court of proper venue, the action would now be time-barred.").

[30] Plaintiff has not provided the Court with a copy of the EEOC right to sue letter.

[31] *See Weber*, 978 F. Supp. at 1420.

[32] 28 U.S.C. § 1404(a).

[33] *Laber II*, 2021 WL 3363086, at *5 (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).

to the Eastern District of Virginia where the principal DOD office is located.  In his Response, Plaintiff seeks to transfer this case to the Northern District of New York, arguing that he would have worked in New York for "the largest number of vacancies but for the alleged unlawful employment practice."

The Eastern District of Virginia is the appropriate venue for all of Plaintiff's claims. Defendant's principal office is within that District, making it a proper venue for Plaintiff's claims under § 2000e–5(f)(3).[34]  While one of Plaintiff's claims potentially involves a Kansas witness, most of the other witnesses and evidence for this case are located on the east coast.  Defendant and his counsel are also located there.  Plaintiff also resides on the east coast and is familiar with the Eastern District of Virginia court, having recently litigated a nearly identical suit there.[35]  There is no apparent obstacle to Plaintiff receiving a fair trial in the Eastern District of Virginia, which is known for its efficiency in litigation.[36]  Because this case involves questions of federal law, there is no potential conflict in law nor any need for a local to court to determine questions of local law. Defendant also indicates that he will be presenting similar defenses to each claim.  Overall, litigating and conducting discovery in one court instead of multiple will save both party and

---

[34] *See* 42 U.S.C. § 2000e–5(f)(3) ("For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.").

[35] *See Laber v. U.S. Dep't of Def.*, 2021 WL 5893293 (E.D. Va. 2021), *aff'd*, 2022 WL 2355509 (4th Cir. 2022).

[36] *See, e.g., Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991, 996 (E.D. Va. 2011) ("The Eastern District of Virginia is known as the 'rocket docket' because civil actions quickly move to trial or are otherwise resolved.").

judicial resources.  These factors all weigh in favor of transfer of the entire case to the Eastern District of Virginia.

While Plaintiff requests transfer to the Northern District of New York, the district in which he resides, the transfer factors do not weigh in his favor.  Although the Northern District of New York would be a proper venue for five of Plaintiff's claims,[37] it would not be for the remaining seven claims, which involve vacancies located in other states.  As in this Court, Plaintiff would likely be unable to establish a case for the exercise of pendent jurisdiction in the Northern District of New York.  Ultimately, Plaintiff would be forced to litigate his case in multiple courts.  Aside from asking the Court to transfer the case "so they may all stay together," Plaintiff provides no further analysis for why transfer to the Northern District of New York is appropriate.  Transferring the case to the Eastern District of Virginia best promotes judicial efficiency, and honors both parties' request to keep the case together.  Therefore, the Court finds that the entirety of this case should be transferred to the Eastern District of Virginia.

Because the Court transfers this case, it will not consider Defendant's Motion to Dismiss for failure to state a claim.  That Motion is denied without prejudice to refiling in the Eastern District of Virginia.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for improper venue or, in the alternative, transfer (Doc. 8) is **GRANTED.**  The clerk is directed **TRANSFER** this case to the Eastern District of Virginia.

**IT IS FURTHER ORDERED** Defendant's Motion to Dismiss for failure to state a claim (Doc. 8) is **DENIED WITHOUT PREJUDICE.**

---

[37] *See* 42 U.S.C. § 2000e–5(f)(3) ("Such an action may be brought . . . in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . . .").

**IT IS SO ORDERED.**

Dated this 3rd day of August, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE